IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| SHIRLEY HARMON and <br> DON HARMON, <br><br> Plaintiffs, <br><br> v. <br><br> MAURY COUNTY, TENNESSEE; <br> MALINDA STANFORD, <br> Individually and as Director of Accounts <br> and Budgets, Maury County Government; <br> SARAH ANDERSON, individually and as <br> Maury County Commissioner; <br> JERRY ERWIN, individually and as <br> Maury County Commissioner; <br> and EXPRESS SCRIPTS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | NO. 1:05-0026 <br> JUDGE HAYNES |

**MEMORAUDUM**

Plaintiffs, Shirley Harmon and Don Harmon originally filed this action in the Circuit Court for Maury County, Tennessee, against the Defendants: Maury County, Tennessee; Malinda Stanford individually and as Director of Accounts and Budges, Maury County Government; Sarah Anderson, individually and as Maury County Commissioner; Jerry Erwin, individually and as Maury County Commissioner and Express Scripts, Inc. Plaintiff asserts state law claims, including a negligence per se claim for violations of 45 CFR § 164.502, by the Defendant Express Scripts, Inc. Specifically, Plaintiffs allege that: "Defendant Express Scripts violated 45 CFR § 164.502 by disclosing Mrs. Harmon's prescription drug records to Defendant Stanford."

The Defendant removed the action to this Court asserting that Plaintiffs' claims based upon 45 C.F.R. § 164.502 were federal law claims and presented a significant federal question

under 28 U.S.C. § 1331, the federal question statute. ESI also requests the Court to exercise its supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' remaining state law claims, including their claims against Defendants Maury County, Tennessee, Malinda Stanford, Sarah Anderson, and Jerry Erwin.

Before the Court is the Plaintiffs' motion to remand (Docket Entry No. 15) contending, in sum, that their reliance on 45 CFR § 164.502 does not convert their state law claim into a federal law claim nor does their claim present a substantial federal question, citing, inter alia, Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986). In response, the Defendants' argue that a substantial federal question exists and warrants removal, citing among other cases, Grable & Sons Metal Product, Inc. v. Darue Engineering & Mfg., ___ U.S. ___ 2005WL1383604 (U.S. June 13, 2005).

Pursuant to 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. The Defendant bears the burden of proof to justify removal. Conrad v. Robinson, 871 F. 2d 612, 614 (6th Cir. 1989). Moreover, "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." Brierly v. Alusuisse Flexible Packaging, Inc., 184 F. 3d 527, 534 (6th Cir. 1999). All doubts are resolved in favor of remand. Jacada. Ltd. v. Client/Server Technology (Europe), Ltd., 401 F. 3d 701, 704 (6th Cir. 2005). Traditionally, whether plaintiffs' claims arise under federal law is determined by the well pleaded complaint doctrine, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) under which the Plaintiff is deemed "the master of the claim" and may elect to please a state law claim in lieu of a federal law claim.

Plaintiffs rely upon Merrell Dow holding that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States." 478 U.S. at 817. The Defendants rely upon Grable that notwithstanding the assertion of a state law claim, if that claim raises a "substantial question" of federal law "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum," the requirements of 28 U.S.C. § 1331 are satisfied and removal is appropriate. 2005WL1383604 *4.

Yet, in Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003), the Supreme Court stated that "[a] state claim may be removed to federal court in only two circumstances-when Congress expressly so provides, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. The "complete preemption" arises where "Congress . . . so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id. (quoting Metro. Life Ins. Co., 481 U.S. 58, 63-64 (1978)). In Beneficial National Bank, the Supreme Court explained that complete preemption arises when, "the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." 539 U.S. at 8.

Citing Beneficial National Bank, the Sixth Circuit stated: "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Roddy v. Grand Truck R.R. Inc., 395 F.3d 318, 322 (6th Cir. 2005) (quoting Beneficial National Bank, 539 U.S. at 8). This Sixth Circuit further stated:

3

> Complete preemption that permits removal is reserved for statutes "designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action" while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal . . . "[T]he congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule."

Id. (quoting Strong v. Telectronics Pacing Sys. Inc., 78 F.3d 256, 260 (6th Cir.1996) and citing Warner v. Ford Motor Co., 46 F.3d 531, 534-35 (6th Cir. 1995) (en banc)).

45 CFR § 164.502 that Plaintiffs cite for their negligence per se claim is promulgated under the Health Insurance Portability and Accountability Act ("HIPAA") 42 U.S.C. § 1320d. As one District Court noted "[n]o federal court reviewing the matter has ever found that Congress intended HIPAA to create a private right of action." Dominic v. Wyoming Velley West High School, 362 F.Supp.2d 572 (M.D. Pa. 2005); (quoting Seif v. Lake Park High Sch. Dist., N. 03-C5003, 2003 WL 22388878, at *4 (N.D. Ill. Oct. 21, 2003) and citing Brock v. Provident Am. Ins. Co., 144 F.Supp.2d 652, 657 (N.D. Tex. 2001).

Moreover, HIPAA's lack of a private right of action has been cited as evidence of the lack of complete preemption. In M.P. Means, et al. v. Independent Life and Accident Insurance Co., 963 F.Supp.1131, 1135 (M.D. Ala. 1997), the district court stated: ". . . HIPAA provides for an enforcement mechanism for the Secretary of Health and Human Services. Furthermore, the Defendants have failed to point to any, and the court finds no evidence of congressional intent to create a private right of action under the HIPAA. See [Wright v. Combined Insurance Co. Of America, 959 F.Supp 356 (1997)], (no evidence of manifest congressional intent in the HIPAA to create a federal cause of action which is removable)."

4

In <u>Wright</u>, the district court noted that "the fact that state law claims may be preempted under HIPAA is not conclusive as to whether those claims are removable to this court. Rather, . . . [the] ruling of the court is limited to specific issue of whether the plaintiff's state law claims are 'completely preempted' so as to allow removal of those claims to this court. It is the opinion of the [court] that they are not and that removal to this court of those claims was improper." 959 F.Supp at 36.

HIPAA's provisions do not completely preempt state law and expressly preserve state laws that are not inconsistent with its terms.

> (a) (1) General effect. Except as provided in paragraph (2), a provision or requirement under this part [42USCS §§ 1320d et seq.] or a standard or implementation specification adopted or established under sections 1172 through 1174 [42 U.S.C.S.§§ 1320d-1 through 1320d-3] <u>shall supercede any contrary provision of contrary State law</u>, including a provision of State law that requires medical or health plan records (including billing information) to be maintained or transmitted in written rather than electric form
>
> (b) Exceptions. A provision or requirement under this part [42 U.S.C.S.§§ 1320d et seq] or a standard or implementation specification adopted or established under Sections 1172 through.1174 [42 U.S.C.S. §§ 1320d-1 through 1320d-3} <u>shall not supercede a contrary provision of State law</u>-
>> (A) is a provision the Secretary determines-
>>> (i) is necessary-
>>>> (I) to prevent fraud and abuse;
>>>> (II) to ensure appropriate State regulation of insurance health plans;
>>>> (III) for State reporting on health care delivery or costs; or
>>>> (IV) for other purposes; or
>>> (ii) addresses controlled substances; or
>> (B) subject to section 264 (c)(2) a of the Health Insurance Portability and Accountability Act of 1996 [42 USCS § 1320D-2 note], relates to the privacy of individually identifiable health information.

42 U.S.C. § 1320d-7 (a)(b). (emphasis added).

The Defendants' reliance on <u>Grable</u> is misplaced. There, the controversy involved federal tax laws that would have provided the asserted landowner with an express statutory

5

remedy to challenge the federal tax notice of seizure of land in that case. 2005 WL1383604 *6, n. 41. Although that remedy was inapplicable given that title to the land was then vested in a private person's name, the Supreme Court stated that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court" and that the "Government was a strong interest" in tax collection. Id.

Here, there is no private remedy under federal law and the critical interest is the privacy interests of the Plaintiffs. Moreover, in <u>Grable</u>, the Supreme Court noted that state law claims in the state courts are often based upon a federal regulation.

> "One only needed to consider the treatment of federal violations generally in garden variety state tort law 'the violation of federal statute and regulations is commonly given negligence per se effect in state tort proceedings." Restatement (Thread) of Torts (proposed final draft) § 14, comment a) See also W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Torts, § 36, p. 221, n. 9 (5th ed. 1984) ("[T]he breach of a federal statute may support a negligence per se claim as a matter of state law" (collecting authority)). A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," <u>Merrell Dow</u> thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] ⋯ under state law." 478 U.S., at 811-812, 106 S.Ct. 3229 (internal quotation marks omitted). In this situation, no welcome mat meant keep out. <u>Merrell Dow</u> analysis thus fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts.

Id. at 7.

Applying <u>Beneficial National Bank</u>, the Court concludes that Congress did not provide an exclusive federal remedy under HIPAA and HIPAA does not completely preempt
6

state law. There is no compelling federal interest nor is a substantial federal question presented. Plaintiffs' claims fall within that broad class of state law claims based on federal regulations in the state court, as described in <u>Grable</u>. Thus, the Plaintiffs' motion to remand should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 31st day of August, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge

7

Case 1:05-cv-00026   Document 44   Filed 08/31/05   Page 7 of 7 PageID #: 206